Lee, J.
In the month of February 1843 one John J. Morgan of Amherst county, placed in the hands of the appellee Rucker, who was a constable of said county, various claims against different persons, amounting in the whole to the sum of one hundred and fifteen dollars and seventy-nine cents; and took from him a receipt for the same, signed in his official character, and in which he undertook to collect the said claims or to return them to the said Morgan or his agent. At this time a suit was pending in the Circuit court of Amherst county in the name of the appellant Meem, against the said Morgan ánd another for the recovery of the amount of several notes claimed to be due from the defendants; and in March 1843 the said Morgan having been surrendered by his special bail, confessed judgment for the sum of four hundred and eighty-four dollars and sixty-one cents, the debt claimed, with interest.and costs of suit; and having *507 been prayed into custody, he took the oath of an insolvent debtor and was discharged. Upon taking the benefit of the act for the relief of insolvent debtors, the said Morgan made out a schedule of his effects, in which was embraced his claim against the appellee founded upon the receipt aforesaid. In November 1843 a summons was issued in the usual form at the instance of the appellant, requiring the appellee to appear at the then next term of the Circuit court of Amherst, and to declare on oath whether the said sum of money specified in the receipt, or any part thereof, was due from him to the said Morgan. This summons was duly executed on the appellee more than twenty days before the term; and he making default by failing to appear according to its requirement, in March 1844 a judgment was rendered against him for the full amount specified in his receipt as the sum of the claims placed in his hands, with interest and costs. Upon this judgment a writ of fieri facias was sued out, and the appellee then exhibited his bill in the Circuit court of Amherst against James Powell, sheriff of Amherst, the appellant, and the said Morgan, praying an injunction to the said judgment, and for general relief. In this bill he sets out the facts hereinbefore stated; and by way of accounting for his failure to appear and make his defence in the court of law, he alleges that when the summons was served upon him, being ignorant of such proceedings, and supposing that it was a mere proceeding to entitle Meem to the collections as he made them from the debtors, and that it was incumbent on the other party to prove that he had collected before he could be held accountable, it made so slight an impression upon him that he altogether forgot the summons, and by mistake “ as aforesaid” failed to attend to the summons; whereby a judgment by default was entered up against him.
The defendant Meem answered the bill, insisting *508 that he was a lona fide creditor of Morgan, and that in seeking to make his debt he had proceeded strictly and precisely in the manner prescribed by law, and that he had obtained the judgment against the -complainant without any pretence of wrong on his part, and without any violation of any agreement made by him, or any omission of what the law required. He denies all knowledge of the justice or invalidity of claims mentioned in the receipt, or of the solvency or insolvency of the respective parties from whom they purported to be due. He insists that the complainant had had a day in court to make his defence, and that it was gross laches and neglect on his part to fail to do so at the proper time; and that the reason assigned for such failure is utterly inadequate and inadmissible: and upon -every ground contests the complainant’s right to the relief sought. The complainant, in support of the allegations of his bill, filed the depositions of numerous witnesses -and other evidence tending to prove that the claims mentioned in his receipt had not been collected by him, either because of the insolvency of the supposed debtors, -or from other causes not involving any neglect of duty on his part: and upon the hearing of the cause, the court -pronounced a decree perpetuating the injunction, but requiring the complainant to pay all the costs both at law and in chancery. From this decree Meem has appealed to this court.
I deem it entirely unnecessary here to enquire into the regularity of the judgment which was rendered against the appellee, or to consider whether a constable into whose hands claims may have been placed for collection, by a party who afterwards takes the oath of an -insolvent debtor, can be so regarded as a debtor of the insolvent in respect of such claims, that a judgment for the amount can be entered up against him as by default at the suit of the creditor, upon his *509 failure to appear in answer to a summons served upon him. This, if it be available, as well as the insolvency of the parties from whom the debts were due, or the inability of the constable to collect them, for any cause, is matter of defence proper and appropriate to the court of law; and if error be committed in its decision, the error must be corrected by resort in the appropriate method, to the proper appellate tribunal. It can constitute no part of the elements of a case for relief in the court of chancery against the judgment which may have been rendered against the party complaining.
Now that a party to whom a day and an opportunity have been allowed to make his defence against a demand set up against him in a court of law, but who has wholly failed to avail himself of them, will not be entertained in the court of chancery on a bill seeking relief against the judgment which has been rendered against him in consequence of his default, upon grounds which might have been successfully taken in the court of law, unless some reason founded in fraud, accident, surprise, or some adventitious circumstance beyond the control of the party, be shown why the defence was not made in that court, is a proposition which has been so repeatedly affirmed that it has become a principle and maxim of equity as well settled as any other whatever. It has been recognized and acted upon in very numerous cases in this court as well of ancient as of recent date. So numerous indeed are they and so familiar, that I deem it entirely unnecessary to cite them here. The rule has its foundation in wisdom and sound policy. It springs out of the positive necessity for prescribing some period at which litigation must cease; and I am utterly unable to appreciate the force or justness of the complaints which in view of its supposed harsh operation in particular cases, have sometimes been made against it. I *510 think that private right and public interest alike require that it should be adhered to.
In the present case, the defence now sought to be made to the demand against the appellee, is one entirely appropriate to the court of law; and as the appellee has had a day in that court in which he might have set it up, but failed to do so, the only enquiry which we have to make is whether a good and sufficient reason has been shown in excuse for this failure.
And here the first remark which occurs is that no proof whatever is offered by the appellee touching the matter of the supposed excuse. It rests wholly in averment on his part, not proven by any evidence offered by him, nor disproven by any offered by the appellant. Now I apprehend a party seeking relief in a case of this kind, must make out by proof the matter which he alleges in excuse for his failing to defend himself in the court of law. It might be very unsafe, and open a door to great abuses to establish that he may rest upon his simple allegation and cast the burden of disproving it upon the opposite party.
But conceding for the sake of the argument that the matter of excuse alleged is sufficiently established, we are to enquire to what it all amounts, and whether it is a satisfactory answer to the objection that the appellee failed to defend himself at law. When the summons was served upon him, he was ignorant of the nature of such proceedings, and mistakenly supposed it was a mere proceeding to entitle the appellant to the benefit of the collections as he made them from the debtors named in the receipt, and that the appellant would have to prove he had collected money upon it before he could be held accountable. Certainly there is nothing in this to excuse his total disregard of the summons served upon him. It distinctly apprised him what he had to do in order to protect himself from liability, and if ignorant in the premises *511 as he professes to have been, he should have sought the aid of counsel, and not relied upon his own vague and imperfect idea of what was intended by the proceeding. Ignorance and mistake of the law can furnish no ground for relief in a court of equity, and least of all in a case in which the party had full opportunity in another forum to protect himself against the consequences of such ignorance and mistake, by the exercise of the most ordinary prudence and the performance of a plain duty. Any other rule wrould be found idle and impracticable. Nor is the case strengthened by the allegation that because of the meaning he attached to it, the service of the summons made so slight an impression upon him, that he altogether forgot it,' and so, “ by mistake,” failed to attend to it. This was pure negligence, and the court can no more measure the strength of men’s memories than it can the size of their understandings. Necessarily in every case where a party disregards the mandate and requirement of the process of a court of justice, it must be at his peril; and this he must be held to know.
In truth the true statement of the grounds upon which relief is sought, is a sufficient exposition of their fallacy and utter insufficiency.
But the hardship of the case in compelling an ignorant and innocent officer to pay out of his own pocket money which he has been unable to collect, without any default on his part, has been strenuously urged by the counsel for the appellee, and the page of the English classics has been invoked in support of the argument. Hard cases, it has been said, are the shoals and quicksands of the law; and there are to be found cases involving doubts and difficulties, and where the exercise of a certain discretionary power would seem to have been deemed necessary and proper, in which the great hardship of the case was referred to as an *512 element of consideration. But it must be unnecessary to say that in a case of this kind, involving no doubt or uncertainty, where no margin is left for the exercise of any discretion, presenting questions the solution of which is to be found in the application of plain, simple, acknowledged principles of law, the hardship attending it, however great, cannot abrogate those principles, or in the slightest degree affect, alter or modify them. And besides, the inevitable answer to the argument is that the hardship complained of is not to be traced to the' administration of justice, but to the party’s own folly and gross laches.
Recurring to the numerous decisions which have been made in this court in similar cases, I am utterly unable to perceive how the decision' in this case can be reconciled with the principles which they have so repeatedly affirmed. I am therefore of opinion to reverse the decree of the Circuit court with costs to the appellant, to dissolve the injunction, and to dismiss the bill.
The other judges concurred in the opinion of Lee, J.
Decree reverse».